UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:19-cr-30058-MGM |
| | ) | |
| KEVIN M. KENNEDY, KENT W. PECOY, | ) | |
| and JASON PECOY, | ) | |
| | ) | |
| Defendants. | ) | |

ORDER ON THE PARTIES' REQUEST FOR
CLOSED COURTROOM PROCEEDINGS

ROBERTSON, U.S.M.J.

I.      INTRODUCTION

At issue before the court is the parties' request to close the courtroom for the hearing on

the government's motions for *in camera* review and disclosure of attorney information because

the discussions will involve material that was presented to a grand jury.  Because court hearings

in criminal cases are presumptively open to the public and the parties have not demonstrated that

the interest in maintaining the secrecy of the grand jury proceedings overrides the interest of the

public, including the press, in having access to the hearing, the request is DENIED.  However,

accommodations should be made to prevent disclosure of certain information that was presented

to the grand jury.

II.      DISCUSSION

The government has moved for *in camera* review and disclosure of information that was

allegedly disclosed to three attorneys:  Attorney A., who represented Defendant Kennedy and his

lender in the purchase of the land and the construction of Defendant Kennedy's East

Longmeadow house; Attorney B., who represented Defendant Kent Pecoy, the seller of the East

Longmeadow land and the contractor for the East Longmeadow house; and Attorney C and a law firm, who represented Defendant Kent Pecoy during an investigation that culminated in the return of the twenty-five count First Superseding Indictment against Defendant Kennedy (Counts 1-25), Defendant Kent Pecoy (Counts 24 & 25), and Defendant Jason Pecoy (Count 24) (Dkt. No. 7). Defendants Kent and Jason Pecoy have opposed the government's motions. The parties have requested that the hearing on the motion be closed to the public because the public has no right to attend grand jury proceedings and no right to see grand jury records. *See Globe Newspaper Co. v. Pokaski,* 868 F.2d 497, 509 (1st Cir. 1989).

A.    <u>Legal Standard</u>

The Supreme Court has instructed that the following two questions should be asked to determine whether the First Amendment right of access applies to a particular proceeding: (1) "whether the place and process have historically been open to the press and general public," and (2) "whether public access plays a significant positive role in the functioning of the particular process in question." *Press-Enterprise Co. v. Superior Court of Cal., Riverside Cty. (Press-Enterprise II),* 478 U.S. 1, 8 (1986). "It is well established that the public as well as the media have 'a constitutional right of access to criminal proceedings under the First and Fourteenth Amendments.'" *United States v. Bulger*, 283 F.R.D. 46, 59 (D. Mass. 2012) (quoting *In re Providence Journal Co., Inc.,* 293 F.3d 1, 10 (1st Cir. 2002)). "This constitutional presumptive right of access includes the criminal trial, 'most pretrial proceedings' and 'documents and kindred materials submitted in connection with the prosecution and defense of criminal proceedings.'" *Id.* (quoting *In re Providence Journal Co.,* 293 F.3d at 10). *See Press-Enterprise Co. v. Superior Court of Cal., Riverside Cty. (Press-Enterprise I),* 464 U.S. 501, 510 (1984); *In re Globe*

*Newspaper Co.*, 729 F.2d 47, 52 (1st Cir. 1984) (public access is necessary to "enhance the operation of the judicial system.").

"Closed proceedings, although not absolutely precluded, must be rare and only for cause shown that outweighs the value of openness." *Press-Enterprise I,* 464 U.S. at 509.

> [T]he presumption [of openness] may be overcome only by an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest.  The interest is to be articulated along with findings specific enough that a reviewing court can determine whether the closure order was properly entered.

*Id.* at 510.  Before closing the proceedings, the court must consider whether alternatives to closure are available to protect the interest at issue.  *See id.* at 511.

The parties assert that the hearing should be closed to protect the secrecy of grand jury proceedings.  In contrast to the presumed openness of trials and related proceedings, there is a general rule of secrecy surrounding grand jury proceedings.  *See Douglas Oil Co. of Cal. v. Petrol Stops Nw.*, 441 U.S. 211, 218 (1979) ("the proper functioning of our grand jury system depends upon the secrecy of grand jury proceedings."); Fed. R. Crim. P. 6(e)(2)(B) (establishing the general rule of grand jury secrecy with enumerated narrow exceptions); *see also* Fed. R. Crim. P. 6(e)(5) ("subject to any right to an open hearing in a contempt proceeding, the court must close any hearing to the extent necessary to prevent disclosure of a matter occurring before a grand jury.").  "[T]he principal reasons for grand jury secrecy [are] to protect the innocent against unfair publicity and to prevent tampering or escape by targets." *In re Special Proceedings*, 373 F.3d 37, 47 (1st Cir. 2004) (citing *Douglas Oil Co.,* 441 U.S. at 219 n.10).  Case law distinguishes between grand jury investigations that have concluded and those that are ongoing.  *See In re Grand Jury Subpoena, Judith Miller*, 493 F.3d 152, 154 (D.C. Cir. 2007).

The Attorney A and Attorney B motion addresses matters that are the subject of charges contained in the First Superseding Indictment (Dkt. No. 7).  In contrast, the Attorney C/law firm motion involves an ongoing grand jury investigation that might result in additional charges. Therefore, the *Press-Enterprise I* factors will be applied to each motion separately.

B.    The Attorney D and Attorney B Motion

As a preliminary matter, the court notes that Defendant Kennedy has not objected to the inspection or release of materials related to Attorney A.  As to Attorney B, the government seeks the disclosure of communications concerning the cost of the East Longmeadow residence and the attorney's answers during testimony before the grand jury.  Given that the First Superseding Indictment is public and that it alleges that Defendants Kennedy and Kent Pecoy concealed information from their attorneys concerning the purchase and construction of the East Longmeadow house (*see* Dkt. No. 7 ¶ 47(d), (e), ¶ 48(a)), the interest in grand jury secrecy must yield to the openness of court proceedings.  *See In re North,* 16 F.3d 1234, 1245 (D.C. Cir. 1994) (when once-secret grand jury material becomes "sufficiently widely known," it may "los[e] its character as Rule 6(e) material.").

However, to protect the privacy of the attorneys who testified before the grand jury, they must be referenced by pseudonyms during the hearing before the court (i.e. "Attorney A" and "Attorney B").  *See United States v. Pimental,* 380 F.3d 575, 591 (1st Cir. 2004) ("Grand jury secrecy facilitates the investigation of criminal charges by assuring potential witnesses that their testimony will not become public knowledge, thus encouraging them to testify freely and limiting the potential that they will be improperly influenced by those under investigation.").

C.    The Attorney C/Law Firm Motion

As discussed earlier, the Attorney C/law firm motion concerns an ongoing investigation. According to the First Superseding Indictment, "[o]n or about June 5, 2015, Kent Pecoy, in response to a federal Grand Jury, caused KPSCI to provide an incomplete production of records to its attorney and caused the attorney to falsely represent to a federal agent that a complete set of responsive documents had been submitted" (Dkt. No. 7 ¶ 48(d)).  The government has moved for an *in camera* review of withheld documents and an *in camera* interview of the attorney concerning Defendants' response to the grand jury subpoena.

Preliminary hearings, such as motion hearings, have historically been open to the press and the general public.  *See Press-Enterprise II,* 478 U.S. at 10-11.  Here, closure is not essential to preserve grand jury secrecy because much of the subject of the motion hearing has been revealed in the First Superseding Indictment.  "Grand jury secrecy is not unyielding" when there is no secrecy left to protect.  *In re Grand Jury Subpoena, Judith Miller,* 438 F.3d 1138, 1140 (D.C. Cir. 2006).  In the indictment that has been returned by the grand jury, the government alleges that "Kent Pecoy caused KPSCI to withhold relevant records in response to a federal Grand Jury subpoena" (Dkt. No. 7 ¶ 47(q)), and that Kent Pecoy caused his company to provide an incomplete document response to its attorney and caused the attorney to falsely represent to a federal agent that a complete set of responsive documents had been submitted to the grand jury (Dkt. No. 7 ¶ 48(d)).  *Compare In re Grand Jury Subpoena*, 103 F.3d 234, 238 (2d Cir. 1996) (upholding the closure of the courtroom for a hearing on a potential target's motion to disclose electronic surveillance where no indictment had been returned because an open proceeding posed "a significant risk of disclosing information which has occurred or which may occur before the grand jury."); *United States v. Grayson*, No. CR 01-115-BR, 2002 WL 31971972, at *5 (D. Or. Aug. 21, 2002) (denying a request to unseal a grand jury transcript that contained "information

relating to ongoing grand jury proceedings, testimony about alleged criminal acts by individuals named in that transcript but not publicly identified, and descriptions of specific actions and transactions that are the subject of the ongoing investigation.").

As is the case with the Attorney A and Attorney B motion, before the court hearing, the parties should agree on pseudonyms, descriptions, or initials that will be used to reference the attorney and the law firm. *See Press-Enterprise II,* 464 U.S. at 511 (a court should employ alternatives to courtroom closure to protect the privacy interests at stake).

III.    CONCLUSION

For the above-stated reasons, the request to close the courtroom to the public and the press during the hearing on the government's motions is denied.

It is so ordered.

Date:  June 16, 2020                    /s/ Katherine A. Robertson
                                        KATHERINE A. ROBERTSON
                                        United States Magistrate Judge